IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JASON LYLES )
)
v. ) NO. 1:13-0135
)
ENOCH GEORGE, et al. )

TO: Honorable William J. Haynes, Senior District Judge

**R E P O R T   A N D   R E C O M E N D A T I O N**

By Order entered January 20, 2015 (Docket Entry No. 46), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure, to hear and determine any pretrial issues and motions, to conduct any necessary conferences and hearings, and to submit a report and recommendation for disposition of any motion filed under Rules 12, 15, 56, and 65 of the Federal Rules of Civil Procedure.

Presently pending is a motion to dismiss (Docket Entry No. 51) filed by Defendant Enoch George. For the reasons set out below, the Court recommends that the motion be granted in part and denied in part.

**I. BACKGROUND**

Plaintiff is an inmate who is currently confined at the Morgan County Correctional Complex ("MCCC") in Wartburg, Tennessee. He filed this action *pro se* and *in forma pauperis* on October 30, 2013, based on events that occurred at the Maury County Jail ("Jail") in Columbia,

Tennessee where he was confined from August 15, 2013, to approximately February 2, 2014.[1] He seeks monetary relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have been committed at the Jail.

Plaintiff alleges that he was not provided with adequate medical treatment at the Jail for shoulder and knee injuries from which he suffers. He also complains about various living conditions at the Jail. Specifically, he alleges that the Jail is unsanitary and unclean, that plumbing is inadequate and toilets regularly do not function properly, that violent inmates are at the Jail, that inmate bedding is thin and inadequate, that he has been housed in a restrictive housing unit because of his medical issues, that towels and wash cloths are old, dirty, and reused, that inmates are not tested for diseases, and that snakes have been found in the Jail. He also asserts that he lost 11 pounds while at the Jail. *See* Complaint (Docket Entry No. 1).

By Order entered November 4, 2014 (Docket Entry No. 3), the Court found that Plaintiff had alleged colorable constitutional claims and ordered that process issue to Maury County Sheriff Enoch George ("George"), who is named in both his individual and official capacities, and the Maury Regional Medical Center ("Medical Center"). The case was stayed pending resolution of other prisoner civil rights cases brought within this District based on events occurring at the Jail. *See* Order entered December 6, 2013 (Docket Entry No. 13). Following a status conference, the Court re-opened the action and provided the parties a time period for discovery and the filing of dispositive motions. *See* Order entered December 8, 2014 (Docket Entry No. 31). The Defendants have filed answers, *see* Docket Entry Nos. 15 and 33, and the Court has extended the deadlines for discovery

---

[1] Plaintiff filed a change of address notice, dated February 2, 2014, stating that he had been transferred from the Jail to the MCCC. *See* Docket Entry No. 20.

and the filing of pretrial motions. *See* Orders entered May 20, 2015 (Docket Entry No. 64), and October 16, 2015 (Docket Entry No. 73).

Defendant George brings his motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure in both his individual and official capacities. He argues that the Complaint fails to include allegations (i) showing that a policy, practice, or custom at the Jail existed that caused the alleged constitutional violations, (ii) showing George's personal involvement in any of the events at issue, and (iii) showing that Plaintiff suffered any violations of his constitutional rights. Based upon these deficiencies, Defendant George argues that he is entitled to qualified immunity in both his official and individual capacities, and that, because he is entitled to qualified immunity, any claim against Maury County should likewise be dismissed. *See* Memorandum in Support (Docket Entry No. 52).

In response to the motion to dismiss, Plaintiff filed a letter with the Court in which he asserted that his family was attempting to obtain an attorney to represent him and requested additional time to respond to the motion. *See* Docket Entry No. 57. By Order entered March 24, 2015 (Docket Entry No. 58), the Court provided Plaintiff with several extra weeks to respond to the motion. However, Plaintiff has not filed any type of supplemental response to the motion to dismiss.

## II. STANDARD OF REVIEW

The motion to dismiss is reviewed under the standard that the Court must accept as true all of the allegations contained in the Complaint, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829

F.2d 10, 11-12 (6th Cir. 1987). However, although the Complaint need not contain detailed factual allegations, Plaintiff must provide the grounds for the entitlement to relief sought. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the Complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000), *abrogated in part on other grounds*, *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." *Iqbal*, 566 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

### III. CONCLUSIONS

Although Defendant George argues in the motion to dismiss that the Plaintiff fails to adequately plead facts supporting his claims, the motion is specifically couched in terms of the

4

defense of qualified immunity. Qualified immunity is an affirmative defense that shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310 (6th Cir. 2005). The issue of qualified immunity is essentially a legal question for the Court to resolve. *Elder v. Holloway*, 510 U.S. 510, 516, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994); *Tucker v. City of Richmond*, 388 F.3d 216, 219 (6th Cir. 2004).

There is no merit to Defendant George's argument that the protection of qualified immunity applies to the claim brought against him in his official capacity, which is essentially a claim against the Maury County municipality for whom he is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir.2008), *cert. denied*, 555 U.S. 1126, 129 S.Ct. 905, 173 L.Ed.2d 158 (2009). Qualified immunity does not apply to a municipal defendant regardless of whether it is specifically named as a defendant or is sued through municipal officials who are named in their official capacities. *Kentucky*, 473 U.S. at 167; *Owen v. City of Independence, Mo.*, 445 U.S. 622, 649-50 and 657, 100 S. Ct. 1398, 1418, 63 L. Ed. 2d 673 (1980); *Fennell v. Simmons*, 162 F.3d 1161, 1998 WL 552830 (6th Cir. 1998).

As to the claim against Defendant George in his individual capacity, the Court agrees that the Complaint fails to set forth allegations that would support a claim for individual liability against him. A threshold requirement for any claim of individual liability under Section 1983 is that there are facts showing that the individual defendant was personally involved in some manner in the allegedly unconstitutional conduct. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 817, n.3 (6th Cir.

2005); *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992).² Aside from one brief reference to Defendant George regarding the towels and wash cloths provided to inmates at the Jail, *see* Complaint at 9, Plaintiff's complaint is devoid of any allegations showing Defendant George's personal involvement in the alleged unconstitutional conduct. Thus, there is no basis for a claim of individual liability against Defendant George. *See Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Because *respondeat superior* is not a basis for liability under Section 1983, Defendant George's status as the Maury County Sheriff cannot be a basis for his personal liability for the acts of those who work in some capacity under his supervision. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 375-77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Accordingly, the claims against Defendant George in his individual capacity should be dismissed.³

To the extent, however, that Defendant George argues that the dismissal of the individual liability claim against him requires dismissal of the municipal liability claim against Maury County,

---

² Similarly, a threshold question for the qualified immunity analysis is whether "the facts alleged show the [defendant's] conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (citing *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)).

³ Plaintiff's brief reference to Defendant George is insufficient to save his individual liability claim against Defendant George. Even if it is taken as true that the towels and wash cloths that were provided to inmates were old, a dirty brown color, stinky, and bear the names of former inmates, these allegations are not sufficient to show that Plaintiff was deprived of "the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), and suffered a deprivation that was sufficiently serious to be viewed as cruel and unusual punishment. *See Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

Defendant George's analysis is unpersuasive. The dismissal of Defendant George in his individual liability is based upon Plaintiff's failure to allege facts showing George's personal involvement in the events at issue, not upon a finding that there are no facts alleged in the complaint that support a constitutional claim.

Nonetheless, the Court finds that Plaintiff fails to allege constitutional claims based upon his allegations that violent inmates are housed at the Jail, that inmate bedding is thin and inadequate, that he has been housed in a restrictive housing unit because of his medical issues, that towels and wash cloths are old, dirty, and reused, that inmates are not tested for diseases, that snakes have been found in the Jail, and that he lost 11 pounds while at the Jail. While these allegations, when taken as true, evidence unpleasant and even harsh living conditions, the Eighth Amendment is not violated by prison conditions which are harsh. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). To support an Eighth Amendment claim, an inmate must be subjected to severe and grave conditions of confinement which deprive him of "the minimal civilized measure of life's necessities" *Rhodes, supra*; *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). The noted allegations simply fail to rise to this threshold.

However, Plaintiff's allegations regarding the denial of adequate medical care, inadequate plumbing, and unsanitary living conditions at the Jail, when taken as true, are sufficient to support the plausibility standard of *Twombly*. Although further proceedings in the action and the testing of Plaintiff's allegations through a motion for summary judgment may ultimately show that Plaintiff's

remaining constitutional claims are not supported by an evidentiary basis, the remaining allegations are sufficient to survive the motion to dismiss.[4]

## RECOMMENDATION

For the reasons set out above, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 51) be GRANTED as to Defendant Enoch George in his individual capacity and GRANTED as to all Section 1983 claims brought by Plaintiff other than those based upon allegations of inadequate medical care and unsanitary living conditions at the Jail. The motion should be DENIED in all other respects.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[4] Defendants were recently granted leave to take Plaintiff's deposition, and have a deadline of April 1, 2016, to file dispositive motions. *See* Docket Entry Nos. 75 and 80.