IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JASON LYLES                )
                           )
    v.                     )    NO. 1:13-0135
                           )
ENOCH GEORGE, et al.       )

TO: Honorable William J. Haynes, Senior District Judge

### R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered January 20, 2015 (Docket Entry No. 46), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure, to hear and determine any pretrial issues and motions, to conduct any necessary conferences and hearings, and to submit a report and recommendation for disposition of any motion filed under Rules 12, 15, 56, and 65 of the Federal Rules of Civil Procedure.

Presently pending are the separate motions for summary judgment filed by the Maury Regional Medical Center (Docket Entry No. 88) and Enoch George (Docket Entry No. 91). Plaintiff has not responded to either motion. Also pending is Defendant George's motion to dismiss for failure to prosecute (Docket Entry No. 97). For the reasons set out below, the Court recommends that the motions for summary judgment be granted and this action be dismissed.

### I. BACKGROUND

Plaintiff is an inmate of the Tennessee Department of Correction currently confined at the Morgan County Correctional Complex ("MCCC") in Wartburg, Tennessee. He filed this action *pro*

*se* and *in forma pauperis* on October 30, 2013, based on events that occurred at the Maury County Jail ("Jail") in Columbia, Tennessee, where he was confined from August 15, 2013, to January 29, 2014.[1] He seeks monetary relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have been committed at the Jail. By Order entered November 4, 2014 (Docket Entry No. 3), process was issued to Maury County Sheriff Enoch George ("George") and the Maury Regional Medical Center ("MRMC") on Plaintiff's complaint. After a stay of the case pending resolution of other prisoner civil rights cases brought within this District based on events occurring at the Jail, *see* Order entered December 6, 2013 (Docket Entry No. 13), the case was re-opened and the parties were provided with a period for discovery and the filing of dispositive motions. *See* Orders entered December 8, 2014 (Docket Entry No. 31), May 20, 2015 (Docket Entry No. 64), and October 16, 2015 (Docket Entry No. 73).

Although Plaintiff made a number of allegations in his Complaint (Docket Entry No. 1), several of his claims and the individual capacity claims brought against Defendant George were dismissed upon the motion of Defendant George. *See* Order entered February 18, 2016 (Docket Entry No. 84). The only claims that remain in this action are: 1) a claim based on allegations that Plaintiff was not provided with adequate medical treatment for shoulder and knee injuries from which he suffers; and 2) a claim based on allegations that the Jail is unsanitary and unclean and that plumbing at the Jail is inadequate and does not function properly. *Id*. *See also* Report and Recommendation (Docket Entry No. 81) at 7.

Defendant MRMC acknowledges that it provided medical care to inmates at the Jail through its nursing staff and that Plaintiff suffered from pre-existing knee and shoulder injuries which he

---

[1] *See* Plaintiff's deposition (Docket Entry No. 88-2) at p. 26.

aggravated while at the Jail. Defendant MRMC argues that it is entitled to summary judgment because the undisputed facts show that the MRMC nursing staff provided regular and adequate medical care to Plaintiff upon his complaints of shoulder and knee pain, including multiple examinations, multiple referrals to an outside medical clinic where Plaintiff received an x-ray, an MRI examination, and several cortisone injections, and the provision to Plaintiff of over-the-counter medications, a wheelchair, a knee brace, and ice packs. They contend that there is no evidence supporting a claim that Plaintiff was treated with deliberate indifference to his serious medical needs. Defendant MRMC supports its motion with a Statement of Undisputed Material Facts (Docket Entry No. 90), with the affidavit of Floyd Sealey ("Sealey Affidavit"), who served as the chief MRMC nurse at the Jail (Docket Entry No. 88-1) and copies of Plaintiff's medical records attached thereto, and with excerpts from the transcript of Plaintiff's deposition (Docket Entry No. 88-2).

By his motion for summary judgment, Defendant George argues that the undisputed facts show that there is no evidentiary support for an official capacity claim against him. Defendant George contends that: 1) Plaintiff has not offered any evidence of an unconstitutional policy, practice, or custom of the Maury County government that can be linked to the alleged constitutional violations.; and 2) there is no evidence supporting Plaintiff's allegation that he suffered a violation of his constitutional rights while at the Jail. Defendant George supports his motion with a Statement of Undisputed Material Facts (Docket Entry No. 92), and with copies of Jail documents related to Plaintiff's confinement at the Jail (Docket Entry No. 92-1 through 92-3). Defendant George also relies upon the Sealey Affidavit.

Although Plaintiff was notified of the motions for summary judgment, warned of the consequences of not responding, and given a deadline of May 13, 2016, to file responses, *see* Order

entered April 4, 2016 (Docket Entry No. 94), he has not filed any type of response to the motions. On November 30, 2016, Defendant George filed a motion to dismiss this action under Rule 41(b) of the Federal Rules of Civil Procedure, contending that Plaintiff's failure to file a response to the two pending motions for summary judgment amounts to a willful failure to prosecute that warrants the sanction of dismissal of the action under Rule 41(b). *See* Memorandum in Support (Docket Entry No. 98).

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

### III. CONCLUSIONS

A. <u>42 U.S.C. § 1983 and the Eighth Amendment</u>

A claim brought under 42 U.S.C. § 1983 requires the claimant to show: 1) the deprivation of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Plaintiff's claims raise alleged deprivations of his rights under the Eighth Amendment. Defendants do not dispute the state actor prong.

The Cruel and Unusual Punishment Clause of the Eighth Amendment prohibits the wanton and unnecessary infliction of pain upon convicted prisoners and requires that prisoners be provided with a level of medical care and housing that is consistent with contemporary standards of decency. *Rhodes v. Chapman*, 452 U.S. 337, 347-48, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, because the Eighth

5

Amendment does not protect against ordinary torts or claims of negligence, a plaintiff's proof must meet a high level of objective severity and of mental culpability on the part of the defendant. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994);

Objectively, a plaintiff must show that he was subjected to a deprivation that is of a constitutional magnitude. *See Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Only a deprivation of "the minimal civilized measure of life's necessities" is grave enough to constitute a violation of the Cruel and Unusual Punishment Clause. *Rhodes*, *supra*; *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). The Eighth Amendment is not violated by prison conditions which are harsh, *Rhodes*, 452 U.S. at 347, and "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Further, conditions of confinement that are temporary in nature rarely rise to the level implicating constitutional concern. *See Dellis v. Corrections Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). With respect to allegations of inadequate medical treatment, a plaintiff must show that he had a "sufficiently serious" medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004); *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). Subjectively, a plaintiff must show that the defendant acted with "deliberate indifference," as opposed to mere inattentiveness or negligence. *See Wilson v. Seiter*, 501 U.S. 294, 302-03, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Estelle*, 429 U.S. at 106.

B. Defendants' Motions for Summary Judgment

Although Plaintiff's allegations were sufficient to permit his claims to survive initial review under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, at this stage of the proceedings, he may not rely solely upon the allegations of his Complaint. After review of the record before the Court, the Court finds that summary judgment should be granted to Defendants.

Plaintiff has not responded to Defendants' motions for summary judgment, rebutted the evidence provided by Defendants, or supported his claim with any of his own evidence.[2] When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, such as the motions filed by Defendants, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). Plaintiff has failed to satisfy this burden. Based upon the evidence before the Court, no reasonable jury could find in favor of Plaintiff on the constitutional claims brought against Defendants.

The undisputed evidence shows that Plaintiff's medical issues were not ignored at the Jail and that he was provided with appropriate and constitutionally adequate treatment for his knee and

---

[2] Additionally, Rule 56.01(c) of the Local Rules of Court requires that Plaintiff specifically respond to Defendants' Statements of Undisputed Facts.

shoulder injuries. Further, there is no evidence before the Court showing deliberate indifference on the part of either Defendant MRMC or any staff at the Jail, a showing required for Plaintiff's Eighth Amendment medical care claim. *See Farmer*; *supra*; *Estelle*, *supra*. Plaintiff's claim essentially amounts to his displeasure with the adequacy of the treatment he received at the Jail and his desire for different treatment. Although "medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference," *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843–44 (6th Cir. 2002) (internal quotation marks and citation omitted), the evidence before the Court does not support such a conclusion. When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law, *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976), and it is well settled that neither negligence nor medical malpractice will support a constitutional claim. *See Estelle*, 429 U.S. at 106; *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990). Although the care Plaintiff received at the Jail may not have been the same as the care he might have received had he not been incarcerated and had he sought treatment on his own from private medical care providers, the Eighth Amendment does not guarantee that a prison inmate receive the "optimum or best medical treatment." *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir. 1982); *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978). Both Defendants are entitled to summary judgment on this claim because the evidence before the Court does not show a violation of Plaintiff's Eighth Amendment right regarding the provision of medical care.

Plaintiff's conditions of confinement claim against Defendant George[3] in his official capacity is not so readily resolved with respect to Plaintiff's allegations of living conditions at the Jail.

---

[3] Defendant MRMC is not implicated in Plaintiff's conditions of confinement claim.

Defendant George has not presented any actual evidence in support of his motion as to this claim. Although Defendant George refers in his Statement of Undisputed Facts references to excerpts from Plaintiff's deposition transcript regarding the minimal level of injury suffered by Plaintiff as a result of conditions at the Jail, *see* Docket Entry No. 92 at ¶¶ 30-32, the excerpts were not provided to the Court and are not a part of the filing made by Defendant MRMC. Defendant George offers no other proof in support of his motion as to this claim. Nonetheless, Local Rule 56.01(g) provides that a failure to respond to a moving party's statement of material facts "shall indicate that the asserted facts are not disputed for purposes of summary judgment." Accordingly, the Court takes as undisputed that Plaintiff failed to raise an issue regarding conditions at the Jail until he had been at the Jail for four months and that he suffered no injury or illness as a result of conditions at the Jail. *See* Docket Entry No. 92 at ¶¶ 30-32. These undisputed facts tend to negate any conclusion or inference that the jail conditions complained about by Plaintiff were of sufficient gravity and duration to amount to a constitutional violation. *See Rhodes*, *supra*; *Ivey*, *supra*. Given these facts and the lack of any evidence from Plaintiff, the evidence before the Court is not sufficient to support this claim and require a trial of the claim.

Furthermore, because the official capacity claim against Defendant George as the Sheriff of Maury County is essentially a claim against Maury County itself, *see Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005), Plaintiff must present proof that the alleged constitutional violation was the result of an official policy or a custom promulgated by Maury County. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). There must be evidence of a direct causal link between an official policy

or custom of Maury County and the alleged constitutional violation. Otherwise, a Section 1983 claim will not lie. *See City of Canton v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Doe v. Claiborne Cnty., Tenn.*, 103 F.3d 495, 507-09 (6th Cir. 1996). There is simply no such proof before the Court. Thus, even if the Court found that Defendant George failed to show that summary judgment was warranted on the issue of whether an underlying violation of Plaintiff's Eighth Amendment rights occurred, there is no evidence before the Court upon which to attribute liability for this violation to Maury County, and summary judgment is warranted in favor of Defendant George on this claim. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 433 (6th Cir. 2005) ("the plaintiff bears a heavy burden in proving municipal liability, and he cannot rely solely on a single instance to infer a policy of deliberate indifference.")

C. Motion to Dismiss for Failure to Prosecute

Because summary judgment in favor of Defendants is warranted based on the merits of Defendants' motions for summary judgment and based on the lack of evidence in support of Plaintiff's claims, it is not necessary to address the alternative argument for dismissal under Rule 41(b) that Defendant George has raised by the motion to dismiss.

**R E C O M M E N D A T I O N**

For the reasons set out above, the Court respectfully RECOMMENDS that the motions for summary judgment filed by the Maury Regional Medical Center (Docket Entry No. 88) and Enoch George (Docket Entry No. 91) be GRANTED and that this action be DISMISSED WITH PREJUDICE. Defendant George's motion to dismiss for failure to prosecute (Docket Entry No. 97)

10

should be DENIED as moot in light of the recommendation that summary judgment be granted to Defendants.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge